## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GORDON ADAMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO:        1:16-CV-3353 |
| | ) | |
| PING'S TREE SERVICE, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     This is an action brought by Plaintiff, Gordon Adams ("Adams"), by counsel, against Defendant, Ping's Tree Service, Inc. ("Defendant"), for its discriminatory actions against him based on his disability, in violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., his religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq, retaliation, and violations of Indiana law.

### II. PARTIES

2.     Adams is a resident of the State of Indiana.

3.     Defendant is a corporation which, at all times relevant to this action, conducted business within the geographical environs of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 12117; and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6.      Adams is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Adams' disability and/or it regarded Adams as being disabled and/or Adams has a record of being disabled.

7.      Adams was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

8.      Adams exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, religion, and retaliation and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9.      This Court has supplemental jurisdiction over Adams' Indiana state law claim pursuant to 28 U.S.C. §1367.

10.     All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.     Adams was hired initially by Defendant in or about 2002.  He left the Defendant in or about 2011 and returned to work in August 2013 as a General Manager.  Later, Adams became the Safety Manager/Trainer.

12.      At all times relevant, he met and/or exceeded Defendant's legitimate performance expectations.

13.     Phil Ping, Defendant's Owner, also owns a church, Joyful Manna Baptist Fellowship.  Ping expressed disappointment in Adams when he did not attend church in early

October 2015.  Ping made comments to Adams that he was not going to heaven and what was doing was ungodly.  Ping also questioned whether Adams was letting his family stray from the Lord and questioned why he would not let the Lord counsel his emotions.

14.     On or about October 16, 2015, Adams injured his back and knee while performing work related duties for Defendant.  Adams appropriately filed for workers compensation benefits.

15.     On or about October 21, 2015, Mike Webster, Manager, contacted Adams' physician and told him not to prescribe Adams narcotics because Adams was a recovering drug addict.  Defendant required Adams to undergo a drug screening and Adams passed.

16.     The following day, on or about October 22, 2016, Defendant issued three Employee Warning Notices to Adams and suspended him for four (4) days.  When Adams attempted to return to work on October 29, 2015, Defendant terminated Adams' employment.

17.     On or about December 10, 2015, Adams filed a Charge of Discrimination against the Defendant alleging religious and disability discrimination.  Adams served the Defendant with a copy of the Charge of Discrimination at the same time he filed the Charge.

18.     After receiving notice of the Charge, Defendant engaged in a pattern of retaliatory conduct against Adams by making negative statements about him to potential employers and falsely claiming that Adams stole property from them.  On or about January 27, 2016, Adams was charged for the alleged property that Defendant falsely accused him of stealing.

### V.  LEGAL ALLEGATIONS

### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

19.     Adams hereby incorporates paragraphs one (1) through eighteen (18) of his Complaint.

20. Defendant violated Adams' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by terminating Adams because of his real or perceived disability.

21. Defendant's actions were intentional, willful and in reckless disregard of Adams' rights as protected by the ADA.

22. Adams has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II – ADA RETALIATION

23. Adams hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

24. Adams engaged in protected activity when he filed a Charge of Discrimination.

25. Defendant retaliated against Adams by making negative statements about him to potential employers and falsely claiming that Adams stole property from them.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Adams's legal rights.

27. Defendant's unlawful actions have violated Adams's rights as protected by the ADA and its amendments.

28. Adams suffered damages as a result of Defendant's unlawful actions.

## COUNT III – RELIGIOUS DISCRIMINATION

29. Adams hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Defendant subjected Adams to less favorable terms and conditions of his employment due to her religion, including, but not limited to, the termination of his employment.

4

31.     Defendant's actions were willful, intentional and in reckless disregard of Adams' rights as protected by Title VII of the Civil Rights Act of 1964.

32.     Adams suffered damages as a result of Defendant's unlawful actions.

### COUNT IV – TITLE VII RETALIATION

33.     Adams hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34.     Adams engaged in protected activity when filed a Charge of Discrimination.

35.     Defendant retaliated against Adams by making negative statements about him to potential employers and falsely claiming that Adams stole property from them.

36.     Defendant's actions were intentional, willful, and taken in reckless disregard of Adams' legal rights.

37.     Defendant's unlawful actions have violated Adams' rights as protected by Title VII of the Civil Rights Act of 1964.

38.     Adams suffered damages as a result of Defendant's unlawful actions.

### COUNT V– INDIANA WRONGFUL TERMINATION

39.     Adams hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint.

40.     Adams was terminated in retaliation for filing worker's compensation claims in violation of Indiana law.

41.     Defendants' actions were intentional, willful and in reckless disregard of Adams' rights as protected by Indiana State Law.

42.     Adams suffered damages as a result of Defendants' unlawful actions.

### COUNT VI – DEFAMATION

43.     Adams hereby incorporates paragraphs one (1) through forty-two (42) of his Complaint.

44.     Defendant published a communication that was defamatory to Adams.

45.     Said publication was done with malice.

46.     Said publication caused Adams damages.

## COUNT VII:  DEFAMATION PER SE

47.     Adams hereby incorporates paragraphs one (1) through forty-six (46) of his Complaint.

48.     Defendant's publication imputed misconduct in Adams' profession or occupation and/or criminal conduct.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Gordon Adams, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.     Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, including lost future earning capacity, and punitive damages;

4.     Pay to Plaintiff pre- and post-judgment interest;

5.     Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

6.     Provide any further equitable relief this Court sees fit to grant.

6

Respectfully submitted,

/s Lauren E. Berger _____
Andrew Dutkanych, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com
           lberger@bdlegal.com

*Attorney for Plaintiff, Gordon Adams*


## DEMAND FOR JURY TRIAL

The Plaintiff, Gordon Adams, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.


/s Lauren E. Berger _____
Andrew Dutkanych, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com
           lberger@bdlegal.com

*Attorney for Plaintiff, Gordon Adams*